**E-FILED**
Thursday, 06 September, 2007  08:12:27 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

BOBBY FORD,
    Plaintiff,

vs.                                    No. 07-1184

ROGER WALKER,  et al
    Defendants

<u>ORDER</u>

    This cause is before the court for a merit review of the plaintiff's claims.  The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted.  A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

    The plaintiff has filed his lawsuit pursuant to 42 U.S.C. §1983 claiming his constitutional rights were violated at Pontiac Correctional Center.  The plaintiff has named nine defendants including Illinois Department of Corrections Director Roger Walker; Administrative Review Board Member Sherry Benton, Adjustment Committee Member Anabelle Motteler; Warden Eddie Jones; Grievance Officer Wesley Wiles; Correctional Officers James Lindsey, D. McFarlan and Jonathan Michelin and Lieutenant Robert Ellinger.   The plaintiff is suing the defendants in their individual and official capacities for damages.

    The plaintiff has divided his complaint into five claims, but all revolve around incidents that occurred on January 29, 2007.  The plaintiff alleges he was in his cell alone washing off when he was sexually assaulted by Defendant Michelin who the plaintiff says "stuck his finger up inside my anus." (Comp., p. 1).   The plaintiff says Defendant Michelin then wrote a false disciplinary ticket against the plaintiff to cover up his actions and deny him medical care.  The defendant accused the plaintiff of standing at the front of his cell and masturbating.

    Three hours later, the plaintiff alleges that Defendants Lindsey and McFarlin came to his cell and ordered him to pack up his property so he could move to another cell.  The plaintiff says he reported what had happened with Defendant Michelin and asked to speak to a lieutenant.  The plaintiff says he was moved to a new cell and continued to ask for assistance. The plaintiff says the two officers responded by using excessive force and writing a false disciplinary report against the plaintiff.

    The plaintiff says Defendants Ellinger and Motteler were on the Adjustment Committee that heard the two disciplinary tickets.  The plaintiff says he asked for the hearing

to be continued but his request was denied.   The plaintiff says he was not able to identify his witnesses and did not have any personal property including a pen or paper.  The plaintiff says he was found guilty without any evidence to support the findings.

The plaintiff filed a grievance which was denied by the remaining defendants.  The plaintiff has attached copies of the disciplinary reports and the Adjustment Committee Report to his complaint.  Both tickets were heard on the same day.  The plaintiff was accused of: 1) Assaulting Staff; 2) Disobeying a Direct Order; 3) Sexual Misconduct and 4) Insolence.

The notes indicate the plaintiff was informed of the charges and he said he was not guilty.  The plaintiff told his version of events including his claim that he was sexually assaulted by Defendant Michelin.  The plaintiff asked for the committee to contact two individuals as "character references," but the request was denied because the witness request was not made prior to the hearing as required. (Comp, Ex. 4) The plaintiff said he could not make this request because he had no writing instruments. The plaintiff was found guilty of all charges.  The plaintiff was placed in segregation and lost a variety of privileges including good time credits.

The response from the Administrative Review Board states that the board reviewed all relevant documentation.  The board also contacted the Pontiac Health Care Staff which indicated that the plaintiff had not requested medical care on or around January 29, 2007.  The plaintiff responds in his complaint by stating, "Of course I didn't, how could I?" (Comp, p. 3) The plaintiff says he is claiming the defendants all denied him medical care on January 29, 2007, and he does not claim he made any further requests.

The plaintiff's has failed to state a claim upon which relief can be granted.  "When a state prisoner seeks damages in a §1983 suit, the district court must consider whether a judgement in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate the conviction or sentence has already been invalidated." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).  This holding has been extended to judgement in prison disciplinary proceedings. *Edwards v. Balisok*, 520 U.S. 641 (1997).

The plaintiff repeatedly alleges that the false disciplinary reports were written to cover up a sexual assault, use of excessive force and denial of medical care.  The plaintiff addressed his claims during the Adjustment Committee hearing and he was found guilty of all offenses.  Each of the plaintiff's claims in this lawsuit directly contradict the findings of the Adjustment Committee.  The plaintiff must first seek to overturn the disciplinary findings before he can ask the court to consider his claims.

**IT IS THEREFORE ORDERED that:**

**1) The case is dismissed in its entirety pursuant to 28 U.S.C. §1915A for failure to state a claim.  The case is terminated without prejudice.**

**2) The dismissal counts as a strike against the plaintiff under the "three strikes" provision of 28 U.S.C. 1915(g).  The clerk is directed to record the strike against the plaintiff.**

**3) The plaintiff must still pay the full docketing fee of $350.00 even though his case has been dismissed.  The agency having custody of the Plaintiff is directed to remit the docketing fee of $350.00 from the plaintiff's prison trust fund account if such funds are available.  If the plaintiff does not have $350.00 in his trust fund account, the agency must send 20 percent of the current balance, or the average balance during the past six months, whichever amount is higher; thereafter, the agency shall begin forwarding monthly payments from the plaintiff's trust fund account to the clerk of court each time the plaintiff's account exceeds $10.00 until the statutory fee of $350.00 is paid in its entirety.  The filing fee collected shall not exceed the statutory filing fee of $350.00.**

**4) The plaintiff is ordered to notify the clerk of the court of a change of address and phone number within seven days of such change.**

**5) The clerk is directed to mail a copy of this order to the plaintiff's place of confinement, to the attention of the Trust Fund Office.**

Entered this 6th day of September, 2007.


**s\Harold A. Baker**

_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE