UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

BOBBY FORD,
   Plaintiff,

vs.                                            No. 07-1184

ROGER WALKER, et al
   Defendants

### ORDER

The plaintiff, a pro se prisoner, filed his complaint on July 10, 2007. On September 6, 2007, the court conducted a merit review and dismissed the plaintiff's complaint for failure to state a claim upon which relief could be granted. *See* September 6, 2007 Court Order.

The plaintiff has now filed a motion for leave to file an amended complaint or motion for reconsideration [d/e10] and a motion for appointment of counsel. [d/e 11]. The plaintiff's case is closed. Therefore, his motion to amend his complaint is denied. [d/e 10] In addition, since the court does not have jurisdiction over an appeal, the motion for appointment of counsel is also denied. [d/e 11] The court will consider the plaintiff's motion for reconsideration of the September 6, 2007 Court Order.

A post-judgment motion seeking substantive relief from a judgment must be made pursuant to either Rule 59 or Rule 60(b) of the Federal Rules of Civil Procedure. Rule 59(e) motions to alter or amend the judgment must be filed within ten business days of the entry of judgment. *Hope v. United States*, 43 F.3d 1140, 1143 (7th Cir. 1994), cert. denied, 115 S.Ct. 2558 (1995). The plaintiff did not provide either motion to prison officials within this time frame. Therefore, the court will consider the plaintiff's motions as motions pursuant to Rule 60 of the Federal Rules of Civil Procedure.

A motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b) "permits a party to seek relief from judgment on the grounds of mistake, inadvertence, excusable neglect, newly discovered evidence, and fraud." *American Federation of Grain Millers, Local 24 v. Cargill Inc.*, 15 F.3d 726, 728 (7th Cir. 1994). Such relief is warranted "only upon a showing of extraordinary circumstances that create a substantial danger that the underlying judgment was unjust." *Margoles v. Johns,* 798 F.2d 1069, 1073 (7th Cir. 1986).

The plaintiff's original complaint was filed against nine defendants at the Pontiac Correctional Center. The plaintiff listed five claims that revolved around one incident. The plaintiff alleged that on June 29, 2007, he was sexually assaulted by an officer. The plaintiff alleged the officer then wrote a false disciplinary report against him claiming that the plaintiff was standing at the front of his cell masturbating.

When an officer came to the plaintiff's cell later to move him to segregation, the plaintiff says the officer used excessive force against him and denied him medical care. The plaintiff again says the officers wrote a false disciplinary report against him accusing him of being combative with staff and causing an injury to an officer.

The plaintiff then stated that he was not allowed to adequately represent himself at the hearing and could not call witnesses. The plaintiff's complaint included copies of the disciplinary reports and the Adjustment Committee Final Summary Report.

The plaintiff was allowed to testify at the Adjustment Committee hearing, and told the committee that the officers had sexually assaulted him and then wrote the false report to cover up his actions. The plaintiff also claimed the disciplinary reports were written in retaliation for previous grievances and lawsuits.

The plaintiff was found guilty of assaulting a staff member, disobeying a direct order, sexual misconduct and insolence. The plaintiff lost six months good time credits as a result. The court dismissed the plaintiff's complaint pursuant to *Heck v. Humphrey,* 512 U.S. 477, 487 (1994). *See* September 6, 2007 Court Order.

The plaintiff's motion to reconsider states that the court has misconstrued plaintiff's claims. The plaintiff says he was not asking for the disciplinary proceedings to be expunged and he was not attacking the results of the disciplinary hearing. That may be true, but the court can not find for the plaintiff on his claims of sexual assault, excessive force, retaliation or denial of medical care without directly contradicting the findings in the disciplinary proceeding. The plaintiff told the committee that he had been sexually assaulted and needed medical care, but the ticket was written to cover up the incident. The committee did not believe the plaintiff.

The plaintiff also failed to state a due process violation. The plaintiff is entitled to (1)advance written notice of the charges; (2) an opportunity to call witnesses and present evidence; (3) a written statement by the fact finder of the evidence relied upon and the reasons for the decision; and (4) "some evidence" to support the decision. *Woff v. McDonnell,* 418 U.S. 539, 571 (1974). The plaintiff claims he was not allowed to call witnesses. However, the plaintiff did not make his request within the required time frame and did not request witnesses with any information concerning the two disciplinary tickets. The plaintiff refused to sign both disciplinary reports which give the plaintiff a chance to fill out witness requests. In addition, the

only two witnesses requested by the plaintiff did not see any of the relevant events, they were character witnesses.  The motion to reconsider is denied.

**IT IS THEREFORE ORDERED that:**

**1) The plaintiff's motion for counsel on appeal and motion to file an amended complaint are denied. [d/e 10, 11]**

**2) The plaintiff's motions for relief from judgement pursuant to Rule 60(b) of the Federal Rules of Civil Procedure is denied. [d/e 10]**

Enter this 22nd day of September, 2008.

s\Harold A. Baker

_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE